UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH SMITH,

                Plaintiff,

       v.

AMERICAN EXPRESS CENTURION BANK, a Utah banking institution,

                Defendant.

06 Civ. 0045 (SCR)(MDF)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

STEPHEN C. ROBINSON, District Judge:

    This case was referred to Magistrate Judge Mark D. Fox for a Report and Recommendation. American Express Centurion Bank ("American Express") moved to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); American Express also requested attorney fees. For the reasons set forth below, this Court affirms Magistrate Judge Fox's Report and Recommendation advising that the matter be remanded to state court *sua sponte* and that American Express's request for attorney fees be denied.

## I. BACKGROUND

    The origins of the instant federal court litigation trace back to 2005, when American Express filed suit against Joseph Smith ("Smith") in New York State Supreme Court, Dutchess County, alleging a breach of a credit card agreement. On January 4, 2006, Smith filed a Notice of Removal to bring the state action in which he was a defendant into federal court; his basis for removal was his argument, pursuant to 38 U.S.C. § 5301(a), that as a disabled veteran receiving a federal pension, he was immune from suit and his pension benefits could not be used to satisfy any debt

potentially owed to American Express. Despite Smith's efforts to remove the matter to federal court, the state court entered a judgment against him in the amount of $17,9?5.69 on March 14, 2006, more than two months after the commencement of the federal removal action.[1]

Rather than move to remand the proceedings to state court, Defendant filed the instant motion to dismiss and request for attorney fees, asserting a lack of subject matter jurisdiction, claiming procedural defects in the removal, and arguing that any claims asserted by Plaintiff were barred by *res judicata* as a result of the March 14, 2006 state court judgment.

## II.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); see also Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). Neither party submitted objections to Magistrate Judge Fox's Report and Recommendation[2]; thus, this Court will review the Report and Recommendation for clear error.

---

[1] Smith has asked this Court to vacate the state court judgment because it was entered after he indicated his intention to remove the action to federal court. If Smith did timely provide American Express and the state court with his notice of removal, this argument may have merit; however, as discussed below, because this Court lacks subject matter jurisdiction to consider this matter, we cannot address the propriety of the state court judgment. This issue will have to be addressed with the state court upon remand.

[2] According to the official docket report for this matter and the documents contained within the official court file, the Clerk of the Court for the Southern District of New York mailed a copy of Magistrate Judge Fox's Report and Recommendation to Plaintiff's last-known address on November 21, 2006. On December 11, 2006, the letter was returned to the Clerk of the Court with a notation that Joseph Smith died on November 20 2006. This Court waited to take action on Magistrate Judge Fox's Report and Recommendation to allow sufficient time for Plaintiff's estate or other representatives to attempt to intervene in this action, but to date this Court has received no communication whatsoever from anyone purporting to represent Plaintiff's interests.

### III. DISCUSSION

#### A. Subject matter jurisdiction

If a federal District Court determines at any time before final judgment that it does not have subject matter jurisdiction over a matter removed from state court, it is required to remand the case to state court for further proceedings. See 28 U.S.C. § 1447(c). If the federal Court has no subject matter jurisdiction, it has no authority to dismiss the case – it must remand for lack of subject matter jurisdiction before reaching the merits of any other pending motions. See Borden v. Blue Cross and Blue Shield of Western New York, 418 F. Supp. 2d 266, 270 (W.D.N.Y. 2006); Moore's Fed. Prac. 3d § 107.41[1][a][i].

A state court defendant may remove a case to federal court only if the case could have been originally filed in federal court. See 28 U.S.C. § 1441(a). Where, as here, there is no diversity of citizenship between the parties, the original jurisdiction of the federal court must be "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Such "federal question" jurisdiction must be invoked by the state court plaintiff's complaint – if the state court complaint alleges only state law causes of action, the matter cannot be removed to federal court as a matter of "federal question" jurisdiction solely on the basis of a federal defense. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987).

Here, as noted above, Defendant's complaint in state court alleges only a state law breach of contract claim – there is no federal cause of action asserted. Even though Plaintiff believes that a federal statute offers him a defense to the state court action, this purported federal defense cannot by itself confer subject matter jurisdiction over this action in the federal court system.

Based on the foregoing, this Court concludes that there is no clear error in Magistrate Judge Fox's Report and Recommendation with respect to the analysis of subject matter jurisdiction.

### B.     Attorney fees

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As noted in the Report and Recommendation, given that Smith was proceeding *pro se* in this matter, it is understandable that he may not have fully grasped the nuances of when removal to federal court was appropriate.

Accordingly, this Court finds no clear error in Magistrate Judge Fox's Report and Recommendation with respect to the denial of attorney fees.

### IV.    CONCLUSION

Based on the foregoing, Magistrate Judge Fox's well-reasoned Report and Recommendation is AFFIRMED. This matter is hereby REMANDED to New York State Supreme Court, Dutchess County for all further proceedings, and American Express's request for attorney fees is DENIED.

The Clerk of the Court is hereby directed to close this case.

*It is so ordered.*

Dated: May 25, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge